Joseph R. Glownia, J.
On November 24, 1974 at approximately 10:51 p.m. the defendant Darryl L. Weber was arrested and charged with a violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law.
A trial by jury was held on May 5, 1975 at which time Deputy Sheriffs Richard T. Dillon and David Koteras, the arresting officers, both testified. Both officers testified that while on routine patrol as partners in a marked Sheriffs vehicle they observed defendant’s vehicle, a 1964 Chevrolet, License No. 486ECE, traveling north on Bowen Road in the Town of Elma. In the distance of approximately one and one-half miles they observed the defendant’s vehicle speeding up close to a car ahead, sounding the horn then slowing down. This erratic behavior was observed approximately 10 times in that distance.
The officers testified that the defendant’s vehicle was stopped at the intersection of Bowen Road and Clinton Street and *595 Deputy Dillon, upon detecting the odor of alcohol on the defendant’s breath, asked him to step out of the automobile. Upon doing so, the officers observed the defendant to have glassy, watery eyes, slurred speech, slight lisp, and that he swayed as he stood. After qualifying themselves, both officers testified that in their respective opinions, the defendant was intoxicated.
They placed the defendant under arrest and he was driven to the Erie County Sheriffs Substation in Elma where after all appropriate warnings had been given, he was administered an alcotector test at 11:20 p.m. Officer Koteras administered the test which resulted in a reading of 0.15 of one per centum of alcohol in the defendant’s blood. It is clear from Deputy Koteras’ testimony that all proper procedures were followed and the test was properly administered.
At the close of the People’s case, the defendant’s attorney moved to dismiss on several grounds. The court denied the motion in part and reserved decision on the question of the unconstitutionality of section 1192 of the Vehicle and Traffic Law. The defendant’s motion was based upon the reasoning given in People v Jones, (77 Misc 2d 33) and People v La Plante, (81 Misc 2d 34).
After the defense presented witnesses the jury was charged on the law of subdivisions 1, 2 and 3 of section 1192. The jury returned from deliberation finding the defendant guilty of a violation of subdivision 2 of section 1192.
This court is familiar with both decisions cited by counsel for the defense and believes the interests of justice to be best served by waiting until this time to decide, after careful consideration of the theory of the motion.
At the outset this court is compelled to say that it has considerable respect for the opinions expressed in the above-cited cases written by the Honorable William Coleman. However, this court perceives the statute differently.
Section 1192 of the Vehicle and Traffic Law in part, reads as follows:
"§ 1192. Operating a. motor vehicle while under the influence of alcohol or drugs. 1. No person shall operate a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol.
"2. No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as *596 shown by chemical analysis of his blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this chapter.
"3. No person shall operate a motor vehicle while he is in an intoxicated condition.”
Subdivision 2 which the defendant herein was found guilty of violating is not, in the opinion of this court, a separate new crime as interpreted in People v Jones (supra). The Legislature in enacting this section offered another definition for driving while intoxicated. That definition is that a man is intoxicated for purposes of driving on our highways when he has .10 of one per centum or more of alcohol in his blood.
Subdivision 3 of section 1192 contains what we refer to as the "common law” proof of driving while intoxicated and a violation of this subdivision would be shown by the characteristics of the defendant. Proof of a violation of subdivision 2 or 3 results in the same thing, a conviction for driving while intoxicated. The manner of proof being the only difference. Under subdivision 2 of the statute the People must show by the results of a chemical test administered within two hours of the arrest that the defendant had greater than .10 of one per centum of alcohol in his blood. What is questioned by some courts is the relevancy of this test taken some time after the arrest. It is obvious that a reading of alcohol content taken any time, after the actual driving, may be higher or lower than the actual content at the time the defendant is first stopped or involved in an accident. It is equally clear therefore that some additional proof is necessary to convince the trier of fact that indeed there is no "reasonable” doubt but that the defendant had greater than the minimum quantity of alcohol in his bloodstream at the time of driving. The additional proof would of course be along the line that would sustain a conviction under subdivision 3 of section 1192 although obviously not to the degree necessary for a conviction under that subdivision.
It would appear to this court that it is wiser to distinguish between an intoxicated driver and an impaired driver on the basis of a scientifically proven test administered within a reasonable time after the driving than upon such an ambiguous standard as whether the driver was "driving safely” at the time. Would not such a standard provide an automatic conviction of a driver who was involved in an accident after he had any alcohol?
*597 Based upon the above, the defendant’s motion is denied, and the defendant is to appear for sentencing on August 5, 1975.